R. C. ROBERTSON, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–14733.

Court of Criminal Appeals of Oklahoma.

April 24, 1968.

Herbert K. Hyde, Jr., Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION AND ORDER

NIX, Presiding Judge.

Plaintiff in Error, hereinafter referred to as the defendant, has filed in this Court a petition in error attached to Xerox copies of the record—no testimony—in cause number 3276 from the District Court of Canadian County, Oklahoma. Defendant has also filed an Application to Withdraw Casemade for Completion, alleging that the Court Reporter of Lincoln County has not had time to complete said casemade due to the untimely burning of the Lincoln County Courthouse, and an excessive work load by reason of the trial of numerous capitol offense felony cases.

Upon checking the documents herewith presented as a partial casemade, this Court could not find the written notice of request for casemade, which is required by statute. See, Title 22 Okl.St.Ann. § 1060. This notice is to be filed within ten days from the date of judgment and sentence. In the instant case, since the judgment and sentence was rendered on October 20, 1967, the notice for casemade was to have been filed by October 30, 1967.

This Court then contacted the Court Clerk of Canadian County, and found that there has *never* been a notice filed of record requesting the preparation of casemade.

We then contacted the Court Reporter for Lincoln County, and were informed that she had not been requested to start the casemade until last Friday, *April 19, 1968,* the date the attempted appeal was filed in this Court.

It is the defendant's full responsibility to arrange with the court reporter and to order preparation of the casemade; as well as to thereafter properly serve, settle, and certify the casemade in sufficient time for the appeal to be lodged in this Court within the statutory time limits as set forth in Title 22 Okl.St.Ann. § 1054.

In the instant case, defendant was free on appeal bond, and *waited until the very last day of the statutory six month period before contacting the court reporter and depositing cost for her to begin transcribing the casemade.* Naturally, there would not be sufficient time for her to transcribe said casemade within the statutory limitations.

"When an appeal is lodged in this Court, the defendant is charged with the responsibility of meeting the requirements of the statutes to perfect his appeal." See, Leigh v. Johnson, Okl.Cr.App., 440 P.2d 375, handed down this date.

Obviously, when a defendant pursues the method in the instant cause, it is only for the purpose of delay; and is not in good faith. Consequently, the defendant has defeated his own appeal by reason of laches on his part.

A defendant, seeking to perfect an appeal to this Court, must initiate his actions for an appeal *without undue delay.*

Therefore, under the conditions herein presented, the request to withdraw partial casemade for completion is herewith DENIED. The attempted appeal is accordingly DISMISSED, the judgment and sentence AFFIRMED, and the Clerk of this Court is directed to issue the mandate *forthwith.*

BUSSEY and BRETT, JJ., concur.